Carroll,
April 2, 1940. } No. 3151.

WILLIAM G. MARTIN *v.* GEORGE SINNETT.

*Rolland R. Rasquin,* by brief, for the plaintiff.

*Cofran & George* (*Mr. Cofran* orally), for the defendant.

*Per Curiam.* The defendant insists that the plaintiff's driver was negligent in not knowing of the presence of the defendant's car until too late to avoid the collision. The negligence may be admitted without conceding its causal character.

The plaintiff's driver testified that he applied his brakes when some distance south of the driveway and slackened his speed from 25 to 15 miles an hour. Thus slackening, he looked in his rear-vision mirror and saw nothing behind. He then further braked and reduced his speed to about eight miles, again looked, saw nothing in the rear, made his turn and was hit. The application of the brakes caused the rear stop-light of the truck to show.

A good look in the mirror, he said, would reveal any other car within a distance of 500 feet in the rear, unless it were within twenty feet of the truck. The defendant's speed was 35 miles an hour. Before starting to pass, the defendant brought his car within five feet of the rear of the truck. At this moment, the truck-driver could not have seen the Packard in his mirror. At any other moment, before or later, it may be conceded that he would have seen it if he had looked carefully in the mirror.

Assuming that the moment of non-visibility was when the plaintiff's driver first looked, the second look, if careful, would have shown the defendant's car in the act of passing. It would have been causally negligent for the plaintiff's driver to turn left under such circumstances. But the jury was not compelled to take this view as to the moment when the defendant's car was invisible. It might be found that it was invisible when the truck-driver took his second look. On this theory it is certain that a careful first look would have revealed the Packard. Seeing it, the truck-driver might have chosen to continue past the driveway without turning, so as to permit the defendant to pass. But he was not as a matter of law negligent in not abandoning his purpose to turn. If he was to turn, he had but two choices, either to do as he did or to make a complete stop so that the defendant could pass before the turn was made. He could give no effective hand-signal of either intention, because it would have been hidden by the overhang of the truck-body. All he could do would be to apply his brakes so that his stop-lights would show. It might reasonably be found that the signals given in slowing down were as effective a warning as similar signals given in stopping, and that a rear-end collision would have been as likely in the latter event as was the lateral collision that actually happened.

The court might have found as the effective cause of the accident

either the failure of the plaintiff's driver to see the defendant's car and to act differently, or the failure of the defendant to see the stop-light and to avoid passing. The rejection of the former view and the adoption of the latter would raise no question of law.

*Judgment on the verdict.*